2010-09157 / Court: 011

Filed 10 February 10 P6:39
Loren Jackson - District Clerk
Harris County
ED101J015665377
By: Sharon Carlton

CAUSE NO. _____

| | | |
|---|---|---|
| NELL MCLEAN<br>　　Plaintiff, | §<br>§<br>§ | IN THE DISTRICT COURT OF |
| v. | §<br>§ | HARRIS COUNTY, TEXAS |
| NATIONWIDE PROPERTY &<br>CASUALTY INSURANCE COMPANY<br>　　Defendant. | §<br>§<br>§<br>§<br>§<br>§ | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Nell McLean ("Plaintiff") and files this *Plaintiff's Original Petition*, complaining of Nationwide Property & Casualty Insurance Company ("Defendant"). For cause of action, Plaintiff would respectfully show this Honorable Court the following:

### DISCOVERY CONTROL PLAN

1. Plaintiff intends for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. This case involves complex issues and will require extensive discovery. Therefore, Plaintiff will ask the court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of this suit.

### PARTIES

2. Plaintiff Nell McLean is an individual residing in Harris County, Texas.

3. Defendant Nationwide Property & Casualty Insurance Company (Nationwide) is a foreign insurance company engaged in the business of selling insurance in the State of Texas. This

defendant may be served with process by certified mail, return receipt requested to its Attorney for Service: CT Corporation System, 350 North St. Paul Street, Dallas, Texas 75201.

## JURISDICTION

4. The court has jurisdiction over the cause of action because the amount in controversy is within the jurisdictional limits of the court.

5. The court has jurisdiction over Defendant Nationwide because this defendant engages in the business of insurance in the State of Texas, and Plaintiff's causes of action arise out of this defendant's business activities in the State of Texas.

## VENUE

6. Venue is proper in Harris County, Texas, because the insured property is situated in Harris County, Texas. TEX. CIV. PRAC. & REM. CODE §15.032.

## FACTS

7. Plaintiff is the owner of a Texas Homeowners' Insurance Policy (hereinafter referred to as "Policy"), which was issued by Nationwide.

8. Plaintiff owns the insured property of Policy, which is specifically located at 3700 Canterbury, Baytown, Texas 77521 in Harris County (hereinafter referred to as "the Property").

9. Nationwide sold the Policy insuring the Property to Plaintiff.

10. On or about September 12, 2008, in the late evening going into the early morning hours of September 13, 2008, Hurricane Ike struck Harris County, Texas, causing severe damage to homes and businesses throughout the gulf-coast region of Texas, including Plaintiff's residence. Plaintiff's roof was damaged during the storm. Water intrusion and damage

Page 2

Certified Document Number: 44536517 - Page 2 of 12

occurred to the interior of the residence. In addition, Plaintiff's fence and contents within the home were damaged. Shortly after the storm, Plaintiff filed a claim with her insurance company, Nationwide, for the damages to her home caused by Hurricane Ike.

11. Plaintiff submitted a claim to Nationwide against the Policy for roof damage, water damage, wind damage, contents damage, and structural damage the Property sustained as a result of Hurricane Ike.

12. Plaintiff asked that Nationwide cover the cost of repairs to the Property pursuant to the Policy.

13. Nationwide did not send an adjuster out to Plaintiff's property to inspect her damage.

14. As detailed in the paragraphs below, Nationwide wrongfully denied Plaintiff's claim for repairs of the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiff. Furthermore, Nationwide underpaid some of Plaintiff's claims by not providing full coverage for the damages sustained by the Plaintiff as well as under scoping the damages during their investigation. Additionally, Nationwide continues to delay in the payment of the damages to the property, including the home and contents. As such, Plaintiff has not been paid in full for the damages to her home.

15. Defendant Nationwide failed to perform its contractual duties to adequately compensate Plaintiff under the terms of the Policy. Specifically, it refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiff. Nationwide's conduct constitutes a breach of the insurance contract between Nationwide and Plaintiff.

Page 3

Certified Document Number: 44536517 - Page 3 of 12

16. Defendant Nationwide misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendant Nationwide's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1).

17. Defendant Nationwide failed to make an attempt to settle Plaintiff's claim in a fair manner, although they were aware of their liability to Plaintiff under the Policy. Defendant Nationwide's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A).

18. Defendant Nationwide failed to explain to Plaintiff the reasons for their offer of an inadequate settlement. Specifically, Defendant Nationwide failed to offer Plaintiff adequate compensation, without any explanation why full payment was not being made. Furthermore, Defendant Nationwide did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiff's claim. Defendant Nationwide's conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(3).

19. Defendant Nationwide failed to affirm or deny coverage of Plaintiff's claim within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendant Nationwide. Defendant Nationwide's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(4).

20. Defendant Nationwide refused to fully compensate Plaintiff, under the terms of the Policy, even though Defendant Nationwide failed to conduct a reasonable investigation. Specifically, Defendant Nationwide performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses on the Property. Defendant Nationwide's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(7).

21. Defendant Nationwide failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim and requesting all information reasonably necessary to investigate Plaintiff's claim within the statutorily mandated time of receiving notice of Plaintiff's claim. Nationwide's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055.

22. Defendant Nationwide failed to accept or deny Plaintiff's full and entire claim within the statutorily mandated time of receiving all necessary information. Nationwide's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056.

23. Defendant Nationwide failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, it has delayed full payment of Plaintiff's claim longer than allowed and, to date, Plaintiff has not received full payment for her claim. Nationwide's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

Certified Document Number: 44536517 - Page 5 of 12

24. From and after the time Plaintiff's claim was presented to Defendant Nationwide, the liability of Nationwide to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, Nationwide has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied on to deny the full payment. Nationwide's conduct constitutes a breach of the common law duty of good faith and fair dealing.

25. Defendant Nationwide knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiff.

26. As a result of Defendant Nationwide's wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorney and law firm who is representing her with respect to these causes of action.

27. Plaintiff's experience is not an isolated case. The acts and omissions Nationwide committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of Nationwide with regard to handling these types of claims. Nationwide's entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholders.

## CAUSES OF ACTION

### FRAUD AGAINST DEFENDANT

28. Defendant Nationwide is liable to Plaintiff for common law fraud. Each and every one of the representations, as described above, concerned material facts for the reason Plaintiff would

not have acted and which Defendant Nationwide knew were false or made recklessly without any knowledge of their truth as a positive assertion.

29. The statements were made with the intention that they should be acted upon by Plaintiff, who in turn acted in reliance upon the statements, thereby causing Plaintiff to suffer injury and constituting common law fraud.

### BREACH OF CONTRACT

30. Defendant America is liable to Plaintiff for intentional breach of contract, as well as intentional violations of the Texas Insurance Code and intentional breach of good faith and fair dealing.

31. Defendant Nationwide's conduct constitutes a breach of the insurance contract made between Nationwide and Plaintiff.

32. Defendant Nationwide's failure and refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question and under the laws of the State of Texas, constitutes a breach of Nationwide's insurance contract with Plaintiff.

### NONCOMPLIANCE WITH TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

33. Defendant Nationwide's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(A). All violations under this article are made actionable by TEX. INS. CODE §541.151.

34. Defendant Nationwide's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of

competition and an unfair and deceptive act or practice in the business of insurance. TEX. Ins. Code §541.060(1).

35. Defendant Nationwide's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Nationwide's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(2)(A).

36. Defendant Nationwide's unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for their offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(3).

37. Defendant Nationwide's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(4).

38. Defendant Nationwide's unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(7).

Certified Document Number: 44536517 - Page 8 of 12

### NONCOMPLIANCE WITH TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS

39. Defendant Nationwide's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by TEX. INS. CODE §542.060.

40. Defendant Nationwide's failure to acknowledge receipt of Plaintiff's claim, commence investigation of the claim, and request from Plaintiff all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of the TEX. INS. CODE §542.055.

41. Defendant Nationwide's failure to notify Plaintiff in writing of its acceptance or rejection of the claim within the applicable time constraints, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.056.

42. Defendant Nationwide's delay of the payment of Plaintiff's claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

### BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

43. Defendant Nationwide's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insureds in insurance contracts.

44. Defendant Nationwide's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claim, although, at that time, Nationwide knew or should have known

Certified Document Number: 44536517 - Page 9 of 12

by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## KNOWLEDGE

45. Each of the acts described above, together and singularly, was done "knowingly" as that term is used in the Texas Insurance Code and was a producing cause of Plaintiff's damages described herein.

## DAMAGES

46. Plaintiff will show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

47. As previously mentioned, the damages caused by Hurricane Ike rendered Plaintiff's residence substantially damaged. These damages have not been properly addressed or repaired in the months since the storm, causing further damages to the Property and causing undue hardship and burden to Plaintiff. These damages are a direct result of Defendant Nationwide's mishandling of Plaintiff's claim in violation of the laws set forth above.

48. For breach of contract, Plaintiff is entitled to regain the benefit of her bargain, which is the amount of her claim, together with attorney's fees.

49. For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, mental anguish, court costs and attorney's fees. For knowing conduct of the acts complained of, Plaintiff asks for three times her actual damages. TEX. INS. CODE §541.152.

50. For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of her claim, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees.   TEX. INS. CODE §542.060.

51. For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

52. For fraud, Plaintiff is entitled to recover actual damages and exemplary damages for knowingly fraudulent and malicious representations, along with attorney's fees, interest and court costs.

53. For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading.  Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

### JURY DEMAND

54. Plaintiff hereby requests that all causes of action alleged herein be tried before a jury consisting of citizens residing in Harris County, Texas.  Plaintiff hereby tenders the appropriate jury fee.

## WRITTEN DISCOVERY

### REQUESTS FOR DISCLOSURE

55.  *Plaintiff's Request for Disclosure to Defendant Nationwide Property & Casualty Insurance Company* is attached as "Exhibit A."

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon trial hereof, said Plaintiff has and recovers such sums as would reasonably and justly compensate her in accordance with the rules of law and procedure, both as to actual damages, treble damages under the Texas Insurance Code, and all punitive and exemplary damages as may be found. In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court on her behalf expended, for prejudgment and postjudgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which she may show herself to be justly entitled.

Respectfully submitted,

THE MOSTYN LAW FIRM

BY:   /s/ Hilary G. Reagin
      Hilary G. Reagin
      Texas State Bar No. 24012704
      3810 West Alabama Street
      Houston, Texas 77027
      Telephone: (713) 861-6616
      Facsimile: (713) 861-8084

ATTORNEY FOR PLAINTIFF
NELL MCLEAN



I, Loren Jackson, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date
Witness my official hand and seal of office
this   March 11, 2010

Certified Document Number:   44536517 Total Pages:  12

LOREN JACKSON, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**